IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| RONALD TUCKER | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. TMD 10-cv-1039 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Ronald Tucker ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433.  Before the Court are Plaintiff's Motion for Summary Judgment  (Pl.'s Mot. Summ., ECF No. 17) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 20).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed his application for DIB on December 12, 2006 alleging disability since April 30, 2005 on the basis of kidney disease, constant fatigue, lack of energy, cramps and swelling of the feet and ankles, and depression. R. at 9, 110-11, 131.  His claim was denied initially and on reconsideration.  R. at 60-63, 64, 65-67.  On December 29, 2008, a

hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified. R. at 19-57. In a decision dated February 2, 2009, the ALJ denied Plaintiff's request for benefits. R. at 6-18. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB used the sequential process set forth in 20 C.F.R. § § 404.1520. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: membranous nephropathy, hypertension and a history of episodic transient global amnesia. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC"), Claimant was unable to perform his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 9-18.
.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred (1) by failing to evaluate pertinent evidence in assessing his RFC; and (2) by improperly relying upon the Medical-Vocational Guidelines.

### A.    Opinion of State Agency Opinion

Plaintiff argues that the ALJ erred in his RFC assessment because he failed to properly evaluate the opinion of one of the state agency physicians. On March 3, 2007, state agency physician, Dr. Abraham Oyewo completed a Physical Residual Functional Assessment in which he found Claimant could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk (with normal breaks) for a total of at least 2 hours in an 8 hour workday, sit for a total of about 6 hours in an 8 hour workday. R. at 286. Plaintiff argues that the ALJ failed to evaluate this evidence but instead relied on the opinion of the second state agency physician, Dr. Hector Manlapas, who found Claimant suffered from these same limitations *except* that he limited

Claimant to standing and/or walking (with normal breaks) 6 hours (as opposed to only 2) in an eight hour work-day. R. at 339. Plaintiff goes on to argue that had the ALJ adopted the findings of the first state agency physician, Dr. Oyewo, with respect to this specific limitation, Claimant would be limited to sedentary work and thus disabled pursuant to the Medical-Vocational Guidelines.

While the ALJ did not specifically discuss Dr. Oyewo's opinion, the Court finds that any error is harmless because substantial evidence nonetheless supports the RFC finding. First, in adopting the opinion of Dr. Manlapas, the ALJ specifically noted that although he believed the exertional limitations expressed by Dr. Manlapas overstated Claimant's restrictions, he nonetheless adopted them giving Claimant the benefit of the doubt. R. at 15, 16. It is clear therefore that the ALJ must have rejected Dr. Oyewo's expressed limitations as they were *more* restrictive. Similarly, the ALJ afforded little weight to the opinion of Claimant's treating physician, Dr. Mostofi, who opined that Claimant could only walk/stand for 2 hours in an 8 hour work-day. R. at 15, 435. In support of his decision, the ALJ noted that Dr. Mostofi's report described mostly *nonexertional* limitations (periods of amnesia, confusion and disorientation), yet he suggests because of these limitations, Claimant experienced significant *exertional* limitations. *Id.*; *see* R. at 433. The ALJ further noted that neither Dr. Mostofi's treatment notes nor anything else in the record supported the exertional limitations he found. *Id.; see, e.g.,* R. at 358, 360 (treatment notes indicating overall normal physical evaluation). The Court agrees. Similarly, the medical evidence in the record does not support Dr. Oyewo's more restrictive finding with respect to standing and/or walking. No medical condition exists

which would limit Claimant to walking or standing only 2 hours.  Even Plaintiff does not make any attempt or point to any evidence in the record which would support Dr. Oyewo's finding.[1] As the Defendant points out, Claimant successfully completed a treadmill test, R. at 299, and was found to have normal muscle strength and gait.  R. at 358.  Dr. Mostofi also indicated in his RFC Assessment that Plaintiff did not experience pain.  R. at 433.  The evidence does not support a more restrictive finding with respect to Claimant's ability to walk and/or stand than that found by the ALJ.[2]

   B. <u>Medical Vocational Guidelines</u>

  Plaintiff next argues that the ALJ erred in his "blind application" of the grids to the Plaintiff to determine that he was not disabled.  Impairments may be exertional and nonexertional. An exertional impairment is one that affects the claimant's ability to meet the strength demands of certain jobs. *See* 20 C.F.R. § 404.1569a.  A nonexertional impairment is a "limitation that is present whether a claimant is attempting to perform the physical requirements of the job or not." *Gory v. Schweiker,* 712 F.2d 929, 930 (4th Cir.1983). "[W]here the claimant's impairment is non-exertional—not manifested by a loss of strength or other physical abilities— or is marked by a combination of exertional and nonexertional impairments, the [Guideline's] Rules are not conclusive, and full individualized consideration must be given to all relevant facts of the case." *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983). When a claimant

---

[1] The Court also rejects Plaintiff's argument that the ALJ did not provide a narrative discussion to support his RFC finding.  *See* R. at 12-17.  A simple review of the ALJ's opinion clearly demonstrates the ALJ did just that.

[2] Because the Court finds that the ALJ did not err with respect to his RFC finding, the Court rejects Plaintiff's argument that he is limited to sedentary work and therefore disabled pursuant to 201.14 under the Medical-

suffers from both exertional and nonexertional impairments, the ALJ is required to employ the use of a VE to determine whether the claimant is still capable of some work. *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983).

Plaintiff argues that he suffers from non-exertional impairments, namely fatigue and dizziness, and therefore the Grids cannot be used conclusively.  First, the ALJ did not find either fatigue or dizziness to constitute severe impairments. R. at 11.  In fact, he posed a hypothetical to the VE on the assumption that Claimant's non-exertional limitations such as "pain, fatigue, episode of amnesia, or anything else" to be only mild to moderate in severity.  R. at 17, 52.  The Commissioner may rely exclusively on the grids when the ALJ determines that the non-exertional impairments do not *significantly affect* the claimant's residual functional capacity. *See Grant v. Schweiker,* 699 F.2d 189 (4th Cir.1983) (recognizing that not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids).   Thus, the proper inquiry under *Grant* is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable. *See also Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir.2000), citing *Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir.1987). The ALJ specifically indicated in his hypothetical to the VE that any non-exertional  limitation would only "briefly affect" the employee's concentration.  R. at 52.  Accordingly, it was permissible under *Grant* for the ALJ to rely on the Grids.[3]

---

Vocational Guidelines.
[3] The ALJ cited Medical-Vocational Rule 202.21 in support of his finding of non-disability.

In the alternative, even if the ALJ's reliance on the Grids could be considered error, the ALJ nevertheless relied on the VE who testified that given Claimant's vocational profile, he could still perform jobs that exist in significant numbers in the national economy. R. at 52-53.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: April 2, 2012                          _____/s/_____
                                             THOMAS M. DIGIROLAMO
                                             United States Magistrate Judge


Copies to:
Stephen Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

---

That rule provides for a finding of no disability when a "younger individual" (under age 50, *see* 20 C.F.R. § 404.1563) with a residual functional capacity for light work has at least a high school education and has skilled or semi-skilled work experience that is not transferrable. *See* 20 C.F.R. Part 404, Subpart P, App. 2.  Plaintiff points out that his 50th birthday was 32 days before the date of the ALJ's decision thereby presenting a borderline situation. S.S.R. 83-10. Even assuming this situation, Rules 202.13 and 202.14 (listing for high school graduate approaching advanced age capable of light, unskilled or light, semi-skilled work). would still direct a conclusion of disabled.